# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelia N. McAbee, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn W. Colvin, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 6:13-2331-RMG<br><br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on November 20, 2014, recommending that the Commissioner's decision be affirmed. (Dkt. No. 24). Plaintiff thereafter timely filed objections to the R & R, and the Commissioner filed a response. (Dkt. No. 27, 28). For reasons set forth below, the Court adopts the R & R as the order of this Court.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh *all* medical opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Further, since the Commissioner recognizes that the non-examining expert has "no treating or examining relationship" with the claimant, she pledges to consider their supporting explanations for their opinions and "the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and examining sources." § 404.1527(c)(3).

Social Security rules and regulations recognize that chronic pain may not necessarily be provable by objective diagnostic studies and that the subjective complaints of a claimant should be given fair consideration in making a determination of disability. 20 C.F.R. § 404.1529; SSR 96-7P, 1996 WL 374186 (1996). The Administrative Law Judge, when evaluating a claimant's complaints of chronic pain, is directed to consider such factors as the claimant's daily activities,

location, frequency and intensity of the claimant's pain symptoms, any precipitating or aggravating factors, the effectiveness of any pain medications, and treatment received. § 404.1529(c)(3)(i)-(vii). Where there is conflicting evidence regarding the claimant's degree of impairment, the Commissioner, as the fact finder, must weigh and reconcile that evidence, and any factual findings of the agency are subject to substantial evidence review on appeal to the District Court.

## Discussion

Plaintiff asserts that she is disabled under the Social Security Act because of the physical and psychological limitations arising from chronic pain. She has complained to various treating physicians of pain in her hands, arms, shoulders, back, legs and feet. Transcript of Record ("Tr." 321, 328, 341, 347, 358, 363, 471, 551-52. Plaintiff has undergone numerous physical exams, all of which have demonstrated essentially normal strength, range of motion, gait, reflexes and other indications of normal functioning. Tr. 321, 330, 339, 347-48, 359. Various diagnostic tests, including MRI's of the cervical spine, a bone scan and an EMG, have been interpreted as essentially normal. Tr. 314, 360, 478, 504. Plaintiff asserts that her chronic pain prevents her from performing even basic household chores, but acknowledges she is able to drive her son to school, occasionally go shopping, attend church and visit a beautician once per month and work out at a local gym. Tr. 65, 67, 453, 549. The Plaintiff was observed at the administrative hearing by the ALJ to make groaning noises and doubling over in pain that was so great she was unable to speak, which the ALJ found "appeared to exaggerate the effects of her pain." Tr. 32.

The record includes a Residual Functional Capacity Assessment performed by Dr. William Hopkins, who is a non-examining and non-treating physician. Dr. Hopkins recognized

Plaintiff's condition imposed certain physical limitations (effectively limiting her to medium level of work) but found her only partially credible regarding the severity and intensity of her symptoms. Tr. 409, 413. Dr. Hopkins observed that despite numerous evaluations by specialists in neurology, rheumatology, and pain management, no significant physical abnormalities had ever been detected and there had been "multiple observations of function inconsistent w[ith] allegations." Tr. 409, 413.

The record also includes opinions offered by a treating family physician, Dr. Katherine Roth, which were provided in response to a questionnaire apparently provided by Plaintiff's counsel. Tr. 556-58. Dr. Roth's opinions were offered after apparently two office visits over a two-month period immediately preceding the administrative hearing in December 2011. Dr. Roth did not document any diagnostic studies, and her physical examinations of the claimant were essentially normal. Tr. 549-50, 551-52. Nonetheless, Dr. Roth opined that Plaintiff was "markedly limited" from her pain, even during her "good days." Tr. 557.

The Administrative Law Judge carefully weighed the opinions offered by Dr. Roth and Dr. Hopkins and provided detailed reasons for giving minimal weight to the opinions of Dr. Roth and the "greatest weight" to the opinions of Dr. Hopkins. Tr. 34, 35. The reasoning offered by the ALJ addressed the major factors for weighing opinions under the Treating Physician Rule and ultimately concluded that the evidence offered by the non-examining and non-treating physician, when considered in light of the total evidence in the record, was entitled to more weight that the Plaintiff's treating physician. The ALJ concluded that the Plaintiff was not disabled under the Social Security Act and retained the residual functional capacity for medium work. Tr. 22-37.

Plaintiff objects to the ALJ's reliance on the opinions of Dr. Hopkins because his report

was prepared in September 2010 and that additional medical reports and evaluations were conducted over the next year which he did not review. While Plaintiff is undoubtedly correct that one factor to consider in weighing the opinions of non-treating and non-examining experts is whether he has considered the full record, it is quite clear from reviewing Dr. Hopkins' report that he did consider the critical diagnostic reports, physical exams and treatment records in the record. The medical records not reviewed by Dr. Hopkins appear largely duplicative and consistent with the records to which he had access.

In the final analysis, where record evidence is conflicting in a Social Security claim, it is the duty of the fact finder to consider, weigh and reconcile that evidence and to make certain findings and conclusions from that evidence. So long as there is substantial evidence to support those findings and conclusions and the ALJ applied the proper legal standards, the District Court should not overturn the decision of the agency. Having now reviewed in detail the administrative record in this matter, the decision of the ALJ and the R & R of the Magistrate Judge, the Court finds that the Magistrate Judge ably and properly addressed the factual and legal issues and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R as the decision of the Court.

## Conclusion

Based upon the foregoing, the Court hereby **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

*/s/ Richard Mark Gergel*
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 29, 2014